United States District Court
Southern District of Texas
**ENTERED**
November 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **CARLOS ANTONIO PACHECO IRAHETA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-1227** |
| | § | |
| **WARDEN, *et al.*,** | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Dkt. No. 1). Petitioner challenges their continued detention in federal immigration custody. Respondents informed the Court that Petitioner was removed from the United States. (Dkt. No. 10). Thus, Petitioner is no longer in custody.

The instant petition was brought under 28 U.S.C. § 2241, which provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c) (emphasis added). Generally, the Court's jurisdiction is limited to "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "A claim is moot when a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017). In the Section 2241 context, if a petitioner is not in the physical custody of immigration officials, and there are no known restrictive conditions on his liberty, then the petition is moot. *See Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735 (5th Cir. 2005) (explaining that Section 2241's "in custody" requirement extends beyond physical custody to also include other restraints on liberty).

The information before the Court demonstrates that Petitioner is no longer in custody within the meaning of 28 U.S.C. § 2241(c). *See Rosales*, 426 F.3d at 735. Petitioner is not in physical custody of Respondents, and there are no restrictive conditions on Petitioner's liberty at this time. As such, the Court finds no reason to

believe that there is a live controversy remaining after Petitioner's departure, and the Court therefore has no jurisdiction.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), is **DISMISSED as moot** because Petitioner is no longer detained**.** Respondents' Motion to Dismiss, (Dkt. No. 7), is **DENIED as moot.** All other relief requested by Petitioner is **DENIED as moot**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on November 2, 2026.

John A. Kazen
United States District Judge